BERTRAM S. PRIMOFF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Primoff v. Commissioner
Docket No. 27859-83.
United States Tax Court
T.C. Memo 1985-562; 1985 Tax Ct. Memo LEXIS 66; 50 T.C.M. (CCH) 1413; T.C.M. (RIA) 85562; November 18, 1985. Bertram S. Primoff, pro se. Steven Lang and Robert B. Marino, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $4,274 in petitioner's Federal income tax for the calendar year 1981. The sole issue is the deductibility of various claimed business expenses. FINDINGS OF FACT Some of the facts are stipulated and are so found. Petitioner resided in Ardsley, New York at the time he filed his petition herein. As of the taxable year in issue, petitioner had practiced *67 accounting for over 40 years and had been a certified public accountant for over 30 years. During 1981, petitioner was a partner in the accounting firm of Primoff & Company located in New York City. The deficiency herein results from the disallowance of the entire amount of miscellaneous expenses deducted by petitioner on Schedule A of his 1981 return and expenses deducted on Schedule E where he reported his income from Primoff & Company. Miscellaneous Deductions: Cab Fares
$ 920.00 Parking and Tolls
600.00 Dues, Publications
Seminars
650.00 Auto Expense
3,000.00 Telephone
1,200.00 $6,370.00 Less reinbursement
(1,200.00)
$5,170.00 Total
$5,170.00
Partnership Expenses: Auto Rental
$ 874.00 Entertainment
5,283.00 Gifts
224.00 $6,381.00 Allowed per Notice of
Deficiency
(3,500.00)
Total
$2,881.00 $2,881.00
Total Disallowance
$8,051.00
OPINION The burden of proof is on petitioner. ; Rule 142(a). [1]
As the record herein shows, the Court encountered great *68 difficulty, due principally to petitioner's lack of cooperation and his totally inadequate preparation and presentation of his case. In particular, petitioner presented the Court with numerous checks, and credit card bills which he coupled only with the most general and unconvincing testimony. He has compounded his lack of proper presentation by failing to file a brief despite the fact that he responded affirmatively when the Court asked him if he wanted to file one and was reminded of his failure timely to file his brief by way of a letter from the Clerk of the Court dated August 29, 1985. Moreover, he had an obligation to assist the Court by organizing the material presented at trial. Cf. . Petitioner was the sole witness at trial. It is crystal clear that, insofar as the "entertainment" and "gift" items of "partnership expenses," he has failed to meet the substantiation requirements of section 274(d), [2] even if the conditions of section 162 were otherwise satisfied. ; ; , *69 affd. by Court order (5th Cir. June 20, 1985). In respect of the other items, we have great difficulty in pinpointing any expense which we can say, with complete conviction, that petitioner is entitled to deduct. However, based upon our examination of the material submitted at trial (albeit without the benefit of any organized presentation by petitioner) and given the nature of petitioner's business, we are satisfied that petitioner had $500 of deductible expenses principally for cab fares, telephone and a seminar. See . Other than this amount, we hold that petitioner has failed to carry his burden of proof--a consequence which stems from our bearing heavily upon petitioner who has nobody to blame but himself for his predicament. . To reflect our decision herein, Decision will be entered under Rule 155.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the taxable year at issue.↩